# UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UTILITY LINE SECURITY, LLC | ) Case No. 11-21630-JKF |
| | ) |
| | ) Related Docket No. 4 |
| | ) |

## OBJECTION OF THE PITTSBURGH WATER AND SEWER AUTHORITY TO EMERGENCY MOTION FOR ORDER AUTHORIZING UTILITY LINE SECURITY, LLC TO HONOR AND CONTINUE WARRANTY PROGRAM AND COMPEL COMPLIANCE BY PITTSBURGH WATER AND SEWER AUTHORITY

Pittsburgh Water and Sewer Authority ("PWSA"), by and through its counsel, Thorp Reed & Armstrong, LLP, files the within Objection to the Emergency Motion for Order Authorizing Utility Line Security, LLC, to Fully Honor and Continue Warranty Program and Compel Compliance by Pittsburgh Water and Sewage Authority (the "Motion") (Docket No. 4), averring as follows:

### I. INTRODUCTION

1. PWSA seeks to have a quick resolution of the Motion and guidance from the Court, so that it may provide effective service for its ratepayers and comply with the laws of the Commonwealth of Pennsylvania and the Bankruptcy Code (as defined herein).

### II. BACKGROUND

2. PWSA and the Debtor entered into that certain agreement on July 31, 2009, which was amended and restated on December 30, 2009 (the "Agreement"). A true and correct copy is attached hereto as Exhibit A.

3. Pursuant to the Agreement, ULS offered a warranty service program to PWSA's ratepayers for warranty coverage on PWSA ratepayer-owned water and sewer lines (the "Warranty Program").

4. Pursuant to the Agreement, PWSA's obligations include, *inter alia,* to bill and collect PWSA's customers enrolled in the Warranty Program, transmit fees collected on behalf of the Debtor to the Debtor and identify ratepayers enrolled in the Program that require the Debtor's services under the Warranty Program.

5. On or about May 10, 2010, Dominion Products and Services, Inc. Dominion Retail, Inc., The Manchester Group, LLC, and Pamela Post filed a Complaint against PWSA and the Debtor in the Court of Common Pleas of Allegheny County (the "State Court") challenging the validity of the Warranty Program (the "State Court Case").

6. On or about March 14, 2011, the State Court issued an Opinion and Order (the "State Order") in the State Court Case. A true and correct copy of the State Order is attached hereto as Exhibit B.

7. The State Order identified that the Agreement is in violation of the Municipal Authorities Act of 1945, as amended, 53 P.S. §301 *et seq.* (the "Municipal Authorities Act").

8. Specifically, the State Order states "[I]n summary, while the PWSA Opt-Out Line Warranty Program appears to be a good program for PWSA customers, it is not a program that is permitted under the Municipality Authorities Act." Exhibit B at p. 11.

9. In the State Order, Judge Wettick determined that PWSA violated §5607(b) of the Municipal Authorities Act, because the Agreement operated by PWSA burdens

and interferes with existing businesses (i.e., plumbing companies), and competes with private entity warranty programs.  Exhibit B at p. 8-10.

10. Following the issuance of the State Order, the Debtor advised PWSA on March 14, 2011 that it would not accept any new ratepayer claims.

11. In order to ensure the health and safety of PWSA ratepayers, and on an emergency basis, PWSA and the Debtor entered into consensual discussions to wind-down the Warranty Program following the issuance of the State Order (the "Wind-Down").

12. Pursuant to the Wind-Down, PWSA and the Debtor agreed that the Debtor shall repair all outstanding ratepayer claims under the Warranty Program that were reported on or before March 18, 2011 at 12:00 p.m.  Further, the Debtor agreed to complete all sewer separations that were already commenced, as well as up to $135,000 in new sewer separations that were reported to the Debtor.  PWSA agreed to immediately pay the Debtor on ratepayer billings already collected by PWSA in the Warranty Program, as well as any amounts collected on ratepayer billings through March 14, 2011.  A true and correct copy of this correspondence is attached hereto as Exhibit C.

13. Following the issuance of the State Order, PWSA began notifying its ratepayers, through telephone correspondence and through notice on the PWSA website, that the Warranty Program would be terminated effective March 18, 2011 at 12:00 p.m.

14. On the afternoon of March 18, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

15. PWSA received notice of the Debtor's bankruptcy petition on the evening of March 18, 2011 from Debtor's counsel.

### III. OBJECTION TO MOTION

16. PWSA objects to the Motion because PWSA believes, and therefore avers, that the Agreement is not an executory contract subject to assumption or rejection under section 365 of the Bankruptcy Code. The State Order expressly states that the Warranty Program violates the Municipal Authorities Act.

17. PWSA is unable to operate under the Agreement without violating the State Order and the laws of the Commonwealth of Pennsylvania.

18. PWSA believes and therefore avers that the Wind-Down is an agreement between PWSA and the Debtor that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

19. Out of an abundance of caution, and in recognition of the automatic stay under section 362 of the Bankruptcy Code, PWSA is currently holding its bills for PWSA ratepayers and has ceased communication with its ratepayers regarding the Wind-Down. PWSA shall await the Court's determination of this Motion before taking further action regarding the Warranty Program.

20. To the extent the Court finds it necessary to compel PWSA to perform its obligations under the Agreement, PWSA requests protective measures be established in the event the Debtor fails to perform its own obligations under the Agreement.

**[This space intentionally left blank]**

WHEREFORE, PWSA respectfully requests that this Honorable Court enter an Order denying the Motion and granting such other relief as the Court deems appropriate.

Respectfully submitted,

THORP REED & ARMSTRONG, LLP

Date: March 22, 2011

/s/ William C. Price
Mark F. Nowak
Pa. I.D. No. 37474
William C. Price
Pa. I.D. No. 90871
Gregory W. Hauswirth
Pa. I.D. No. 307482

Firm I.D. No. 282
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
(412) 394-7776
mnowak@thorpreed.com
wprice@thorpreed.com
ghauswirth@thorpreed.com

Counsel for The Pittsburgh Water and Sewer Authority